*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

GRAYSON ALLEN FORD,

Defendant-Appellant.

UNPUBLISHED
December 11, 2025
10:37 AM

No. 373137
Berrien Circuit Court
LC No. 2022-003786-FC

Before: M. J. KELLY, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

Defendant, Grayson Allen Ford, pleaded guilty to two counts of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(b) (by force or coercion). The trial court sentenced defendant to serve 365 days of incarceration for each count and imposed costs, including restitution in the amount of $1,245 for expenses incurred by the Berrien County Sheriff's Department (BCSD) in securing defendant's extradition from Tennessee. Defendant appeals by leave granted,[1] arguing that the trial court lacked the statutory authority to impose restitution. We affirm.

## I. FACTUAL BACKGROUND

This case arises from defendant sexually assaulting a 17-year-old victim in November 2022. The Berrien County Prosecuting Attorney's Office charged defendant with kidnapping, MCL 750.349; assault with intent to commit sexual penetration, MCL 750.520(g)(1); and two counts of CSC-IV. Defendant was arrested in Tennessee, and the BCSD secured his extradition on December 16, 2022. Defendant ultimately pleaded guilty to two counts of CSC-IV in exchange for dismissal of the other charges against him. The BCSD requested $1,245 to cover the extradition costs. The trial court sentenced defendant to serve 365 days' incarceration for each

---

[1] *People v Ford*, unpublished order of the Court of Appeals, entered December 26, 2024 (Docket No. 373137).

count and ordered him to pay "restitution of $1,245 for the benefit of the [BCSD]." This appeal follows.

## II. STANDARD OF REVIEW

To challenge a restitution order, a defendant must object at sentencing. See *People v Newton*, 257 Mich App 61, 68; 665 NW2d 504 (2003). Defendant failed to properly preserve this argument for appeal because he did not object to the restitution award in the trial court. Unpreserved issues are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). A defendant bears the burden of persuasion and "must show that (1) error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected a substantial right of the defendant." *People v Pipes*, 475 Mich 267, 279; 715 NW2d 290 (2006). "Generally, the third factor requires a showing of prejudice—that the error affected the outcome of the trial proceedings." *Id.* "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *People v Allen*, 507 Mich 597, 614; 968 NW2d 532 (2021) (quotation marks and citation omitted).

## III. ANALYSIS

On appeal, defendant asks this Court to vacate the restitution award to the BCSD, arguing that the trial court lacked the statutory authority to order restitution for those costs. Specifically, defendant argues that the BCSD is not a "victim" within the meaning of the restitution statutes, see MCL 769.1a(1)(b); MCL 780.766(2), and that the trial court erred by imposing $1,245 in restitution for extradition costs. We decline to address this argument and hold that defendant is not entitled to relief. Even if defendant could establish plain error, defendant has failed to show that the error affected his substantial rights because the trial court was authorized to otherwise impose the extradition costs. See *Pipes*, 475 Mich at 279.

First, the trial court had statutory authority to impose these costs as a condition of probation. See MCL 771.3(2)(c). MCL 771.3(5) limits those costs "to expenses specifically incurred in prosecuting the defendant or providing legal assistance to the defendant and supervision of the probationer." In this case, the trial court imposed $1,245 in restitution "for the benefit and use of the victim, [BCSD]" as a condition of probation and included it in the judgment of sentence. Defendant did not object to the restitution in the trial court. Instead, defendant signed the order of probation, in which he expressly agreed to pay the $1,245 in costs to the BCSD as a probation condition. In order to prosecute defendant, the BCSD needed to extradite defendant to Michigan. Therefore, the extradition costs are "expenses specifically incurred in prosecuting the defendant." MCL 771.3(5). Under MCL 771.3(2)(c) and MCL 771.3(5), the trial court had authority to order defendant to pay the extradition costs because the amount that the BCSD spent on defendant's extradition was an expense specifically incurred in the process of prosecuting him.

Second, under Michigan's Uniform Criminal Extradition Act, MCL 780.31 *et seq.*, the trial court "may order an individual who is extradited to [Michigan] for committing a crime and who is convicted of a crime to pay the actual and reasonable costs of that extradition . . . ." MCL 780.23a. The actual and reasonable costs "includ[e], but [are] *not limited to* . . .

-2-

[t]ransportation costs." MCL 780.23a(a) (emphasis added). In this case, the trial court had the statutory authority, pursuant to MCL 780.23a, to order defendant to pay $1,245 to the BCSD for the costs of his extradition to Michigan as the actual and reasonable costs of his extradition.

## IV. CONCLUSION

We declined to address defendant's argument that the trial court erred by ordering defendant to pay $1,245 in restitution for extradition costs incurred by the BCSD under the restitution statutes. Even if we accepted defendant's argument as true, the trial court still had the statutory authority to impose the cost of extradition as a condition of probation or under Michigan's Uniform Criminal Extradition Act.

Affirmed.

/s/ Michael J. Kelly
/s/ James Robert Redford
/s/ Kathleen A. Feeney